**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| GWENDOLYN WITHERSPOON ) | |
| ) | |
| Plaintiff, ) | |
| v.           ) | |
| ) | Case No.  22-cv-292 |
| ) | |
| WALMART, INC., ) | |
| ) | |
| Defendant. ) | |

**<u>NOTICE OF REMOVAL</u>**

The Defendant, WALMART, INC., by and through its attorneys, James P. Balog and Michael R. Riss of O'Hagan Meyer, LLC, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this action to the United States District Court for the Northern District of Indiana, Hammond Division, and in support thereof, states as follows:

1. The movant's Notice of Removal is based upon subject matter jurisdiction conferred by diversity of citizenship, as established in 28 U.S.C. § 1332.

2. The named Plaintiff is currently and was at the time of the subject accident a citizen and resident of the State of Illinois. (*See* Plaintiff's Complaint at Law attached hereto and incorporated herein as Exhibit A, ¶ 1).

3. Both at the time of the commencement of the State Court action and at the present time, the Defendant, Walmart, Inc., is a Delaware Corporation and its executive headquarters are located in Bentonville, Arkansas. (*See* Arkansas Secretary of State Business Information Search, attached as Exhibit B). A corporation has a single principal place of business where its executive headquarters are located. *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th

Cir. 1991). Therefore, at all pertinent times, Walmart is and has been a citizen of Delaware and Arkansas.

4. This matter arises out of slip and fall accident which occurred on June 21, 2020, at the Walmart Supercenter, store #4631, located at 1100 5th Avenue, Hammond, Lake County, Indiana 46320. The Plaintiff, GWENDOLYN WITHERSPOON, filed a Complaint in the Lake County Superior Court, styled *Gwendolyn Witherspoon v. Walmart, Inc.*, bearing Lake County Superior Court, Indiana, Case No. 45D11-2206-CT-000580. (Exhibit A).

5. Walmart first received Plaintiff's Complaint when it was served with process on August 8, 2022 (*See* Exhibit A). In response to the Complaint, WALMART filed its Appearance, Jury Demand, and its Requests for Admission of Facts on August 25, 2022. (*See* WALMART Appearance and Jury Demand, attached hereto and incorporated herein as Group Exhibit C).

6. The Requests for Admission of Facts seeks Plaintiff to admit that each is, and was at the time of the incident, a citizen of Indiana and that the amount in controversy exceeds $75,000. Plaintiff responded to the Requests to Admit on September 19, 2022, denying that Plaintiff is a resident of Indiana and admitting that the value of the case exceeded $75,000. (See Plaintiff's response to WALMART'S Request for Admission of Facts attached hereto and incorporated herein as Exhibit D).

7. Where a case is not removable by review of the initial pleadings, WALMART has a statutory right to file its Notice of Removal "thirty days after receipt…of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). As established in this Notice, WALMART has properly filed its Notice of Removal within the applicable thirty-day time frame, as

until September 19, 2022, WALMART had no notice this case exceeded the jurisdictional amount necessary to trigger removal. (*See* Exhibit A; *See* Exhibit D).

8. With the first notice that the amount in controversy exceeded $75,000 occurring on September 19, 2022, this Notice was filed within thirty (30) days of "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

9. As required by 28 U.S.C. § 1446(d), the movant will promptly serve upon Plaintiff's counsel, and file with the Lake County Superior Court, a true and correct copy of this Notice.

10. By removing this action, Defendant does not waive any defenses available to it.

11. If any question arises as to the propriety of the removal of this action, the movant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

12. This Notice is signed and in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, WALMART, INC., prays that this Honorable Court retain jurisdiction of the matter pursuant to 28 U.S.C., §§ 1332, 1441, and 1446.

Dated: October 5, 2022

Respectfully submitted,
O'HAGAN MEYER LLC

By: */s/ James P. Balog*
One of the Attorneys for Defendant,
Walmart, Inc.

James P. Balog, Esq.
Michael R. Riss, Esq.
O'Hagan Meyer LLC
One East Wacker Drive, Suite 3400
Chicago, IL 60601
Tel: 312-422-6100 / Fax: 312-422-6110
jbalog@ohaganmeyer.com
mriss@ohaganmeyer.com